IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Criminal No. 11-0062 |
| ALFREDO SARARO, III, | ELECTRONICALLY |
| Defendant. | FILED |

**MEMORANDUM OPINION RE: DEFENDANT'S MOTION TO CHANGE VENUE**

## I.     *Introduction*

The Defendant, Alfredo Sararo, III, was charged in a four count Indictment with violations of 26 U.S.C. § 7206, for failing to disclose his true adjusted gross income for the years 2004 and 2005. On February 19, 2011, Defendant filed a Motion for Change of Venue seeking to have his case transferred to the United States District Court for the Middle District of Florida. A Superseding Indictment charging Sararo with seven counts of Wire Fraud in violation of 18 U.S.C. § 1343 and four counts of filing a false tax return in violation of 26 U.S.C. § 7206(1) was filed on August 18, 2011. The Court has considered Defendant's Motion for Change of Venue (Doc. No. 11) and his Memorandum in support thereof (Doc. No. 12), as well as the Government's Response to the Motion for Change of Venue (Doc. No. 21) and Defendant's Reply thereto (Doc. No. 29). For the following reasons, Defendant's Motion for Change of Venue will be granted.

## II.    *Discussion*

In support of his Motion for Change of Venue, Defendant argues that: 1) the Western District of Pennsylvania was not a proper venue; 2) pursuant to 18 U.S.C. § 3237(b), Defendant may elect to be tried in the Middle District of Florida because that is the district in which he was living at the time the alleged offenses were committed; and 3) under Federal Rule of Criminal Procedure 21(b), this Court has the discretion to transfer this case to another district "for the convenience of the parties and witnesses and in the interest of justice." Doc. No. 12.

In its Response, the Government contends that: 1) pursuant to 18 U.S.C. (a), an offense against the United States may be "prosecuted in any district in which such offense was begun, continued, or completed"; 2) pursuant to 18 U.S.C. § 3237(b), transfer in this case to the Middle District of Florida would not be proper because venue is based on defendant arranging to have his fraudulent tax returns prepared in the Western District of Pennsylvania; and 3) pursuant to Federal Rule of Criminal Procedure 21(b) and the factors established in <u>Platt v. Minnesota Mining & Mfg., Co.</u>, 376 U.S. 240, 243-44 (1964), Defendant is unable to present an overwhelming case to meet his burden of justifying a transfer. Doc. No. 21.

### A. Transfer Pursuant to 18 U.S.C. § 3237(b)

18 U.S.C. § 3237(b) provides, in relevant part:

> [W]here an offense is . . . based solely on a mailing to the Internal Revenue Service, and prosecution is begun in a judicial district other than the judicial district in which the defendant resides, he may upon motion filed in the district in which the prosecution is begun, elect to be tried in the district in which he was residing at the time the alleged offense was committed . . . .

Sararo contends that, pursuant to 18 U.S.C. § 3237(b), he may elect to be tried for the alleged violations of 26 U.S.C. § 7206(1) in the Middle District of Florida because it is the district in which he was living at the time the alleged offenses were committed. Doc. No. 12, 3. Sararo also argues independently of his Motion to Transfer that Pennsylvania is not a proper venue for the instant action, which could be properly brought only where the defendant lived or where the returns were or should have been filed. Doc. No. 12, 3-4 *citing United States v. Clinton*, 574 So.2d 464, cert. denied, 439 U.S. 830 (1978).

The Government argues that venue in Pennsylvania is proper because Sararo had his fraudulent tax return prepared in the Western District of Pennsylvania. Furthermore,

2

the Government contends that although Sararo resided in Florida at the time of the filing of his allegedly fraudulent returns, based upon his actions which were begun, continued or completed in the Western District of Pennsylvania, transfer is not mandated and venue is proper in the instant forum. 18 U.S.C. § 3237(a).

The Court finds that venue is not mandatory pursuant to 18 U.S.C. § 3237(a). Furthermore, pursuant to 18 U.S.C. § 3237(b), Sararo may not elect to be prosecuted in the judicial district in which he resides. *See United States v. Parish*, 736 F.2d 152 (5th Cir. 1984). It is undisputed that Sararo was a resident of the Middle District of Florida when he mailed the tax returns from there. However, 18 U.S.C. § 3237(b) only applies when the prosecution is "based solely on a mailing to the Internal Revenue Service." This provision does not apply based upon the charges in Sararo's Superseding Indictment. The Court will now consider whether transfer is appropriate pursuant to Fed. R. Crim. Pro. 21(b).

### B. Rule 21(b), Platt factors

Federal Rule of Criminal Procedure 21(b) grants this Court discretion to transfer this case to another district "for the convenience of the parties and witnesses and in the interest of justice." In Platt v. Minnesota Mining & Mfg., Co., 376 U.S. 240, 243-44 (1964), the Supreme Court listed the following factors that courts should consider when determining a motion to transfer under Rule 21(b) : 1) the location of the defendant; 2) location of possible witnesses; 3) location of events likely to be in issue; 4) location of documents and records likely to be involved; 5) disruption to the defendant's business; 6) expenses to the parties; 7) location of counsel; 8) relative accessibility of place of trial; 9) docket condition of each district involved; and 10) any other special elements which might affect the transfer.

Here, the Defendant has met his burden to show good cause to transfer the case because the majority of the factors weigh in favor of transfer to the United States District Court for the Middle District of Florida. Namely, Sararo is located in the Middle District of Florida, witnesses for both the defense and prosecution will be in Florida, the location of all of the real estate transactions, money paid from those transactions, and the subscription of the alleged false tax return were in Florida, and the comparative expenses to Sararo of defending himself in the United States District Court for the Western District of Pennsylvania, all weigh in favor of transferring the present case to the Middle District of Florida. The factors of location of counsel, relative accessibility of place of trial, and disruption of Defendant's business are neutral and do not favor either party. Based upon the Platt factors, this Court will transfer the case to the United States District Court for the Middle District of Florida "for the convenience of the parties and witness and in the interest of justice." Fed. R. Crim. Pro. 21(b).

### III. *Conclusion/Order*

While transfer is not appropriate pursuant to 18 U.S.C. § 3237(b), in the interests of justice, this case will be transferred to the United States District Court for the Middle District of Florida pursuant to Fed. R. Crim. Pro. 21(b).

AND NOW, this 2nd day of September 2011, IT IS HEREBY ORDERED, that Defendant's Motion to Change Venue (Doc. No. 11) is **GRANTED**.

The Clerk of Court is directed to transfer this criminal action to the United States District Court for the Middle District of Florida.

                                                s/ Arthur J. Schwab
                                                United States District Judge

cc:    All Registered ECF Counsel and Parties